[Civ. No. 8846. Second Appellate District, Division Two.—June 19, 1933.]

UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and PAUL A. SHRADER, Respondents.

Mills, Hunter & Dunn and John W. Holler for Petitioner.

Arthur I. Townsend for Respondents.

STEPHENS, J.—Petitioner herein is the industrial accident insurance carrier.

A petition was before the Industrial Accident Commission for an industrial award and the hearing developed that the percentage of disability of the applicant might be affected after certain treatment had been administered. A great part of the period of 245 weeks of continuing jurisdiction of the commission (sec. 20d, Workmen's Compensation Insurance and Safety Act) had elapsed and it was thought by all concerned that the remaining part of this jurisdictional period would be insufficient to demonstrate the effect of the proposed treatment. Accordingly the following stipulation was agreed upon:

"It is stipulated by and between the parties hereto that the Industrial Accident Commission of the State of California shall assume continuing jurisdiction over the herein matter as a Board of Arbitration for a period of two years from and after the date hereof with full power and authority to alter, rescind and/or amend the Finding and Award

herein upon the request of any party in interest, and to provide for a permanent disability rating resulting from the herein injury as in similar cases provided under Section 20d of the Workmen's Compensation, Insurance and Safety Act of 1917. The parties hereto expressly waive all limitations of time and jurisdiction herein as above set forth and will retain such rights and liabilities in respect to the herein claim as would exist if the 245 week period had not elapsed. The parties hereto request said Industrial Accident Commission of the State of California to act as a Board of Arbitration in the herein matter for the purpose hereinabove set forth."

This stipulation was subsequently amended by extending it 60 days and thereafter by substituting "a reasonable time" for and instead of the two-year limitation contained therein. On May 14, 1930, the commission made its award and formally found that medical treatment was needed and reasonable, as not being dangerous to life or limb. On June 6, 1930, applicant moved for a rehearing and on July 1, 1930, this petition was denied. Petitioner repeatedly offered the additional medical and surgical treatment contemplated by the order of May 14, 1930, but applicant at all times refused the same.

Accordingly, after waiting nearly two years applicant petitioned that his percentage of permanent disability be fixed, asserting that his disability had become permanent, and a hearing was had. On June 14, 1932, the commission entered its "Order Amending Findings and Award", which included the fixing of permanent disability of 69 per cent on maximum earnings and that any greater percentage of disability was the result of the declination of the applicant to submit to treatments. The applicant petitioned for a rehearing and on September 2, 1932, the rehearing was granted and co-incidentally and without any additional hearing the commission found the percentage of permanent disability to be 89 and that the refusal of applicant to submit to further treatment was not unreasonable. Subsequent to the commission's finding of June 14, 1932, the commission caused the medical report of the case by Dr. Harbaugh, a physician in its employ, to be filed and took such report into consideration in arriving at its order of September 2, 1932. Indeed, this report, being the only additional matter before

the commission, would seem to have been the determining factor, as the latter order is just the opposite from the former one in the matter of the proposed treatment and very different in its effect on the percentage of disability. The commission claims that a copy of this physician's report was sent to counsel for petitioner, who denied that he had ever received it. Petitioner herein, the insurance carrier, claims that the commission had no right to receive this letter in evidence because it had never seen a copy thereof and because it had no opportunity to object to its introduction, to cross-examine the author of the letter or to rebut the contents of the letter. We think the evidence establishes the fact that the copy was sent to the attorney for the insurance carrier and that through some inadvertence he was not informed of its arrival. In these circumstances the insurance carrier cannot be heard to complain, for it stipulated under date of November 6, 1929, as follows: "It is stipulated and therefore ordered in the event the Referee should so desire, a report may be obtained from the Medical Department of this Commission, and/or from an Expert Medical Examiner to be appointed by the Medical Department of this Commission, with full authority to take such supplemental means of observation as may be necessary to determine the present condition of the applicant, all at the expense of the defendants herein. In the event such reports be obtained, copy shall be served on the parties hereto, who shall have five days thereafter in which to request further proceedings; otherwise submitted. It is further ordered that the defendant shall have five days in which to produce further medical reports from the attending physicians." We think this stipulation continued in full force so long as any phase of the case remained legally unsubmitted. ■ But the content of the letter did not constitute any new evidence. It was merely another opinion of a physician who looked over the proceeding and the applicant more than two years after the commission had found the basic facts upon which the award was made and long after a rehearing had been denied thereon. In fact, the letter does not negative the commission's finding of more than two years before it was written that operative treatment was indicated and was not unreasonable and that such treatment might affect the percentage of disability.

The doctor merely expresses his opinion that the outcome of operative treatment *now* would be *doubtful*. Under the doctrine pronounced in *Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac. (2d) 142, 144], such evidence, if evidence it is at all, "[D]oes not present a true conflict of evidence." (*Nielsen* v. *Industrial Acc. Com.*, █(Cal. App.), 21 Pac. (2d) 445.)

It should also be borne in mind that this petition for a rehearing which was granted was for a rehearing of the order of June 14, 1932, which did not purport to cover the basic facts disposed of in the order of May 14, 1930. In the hearing which led to the June 14, 1932, order, the commission sustained objections to questions pertinent to the original hearing and confined the evidence to the issue reserved as above indicated.

█ We think in the instant case the "continuing jurisdiction" extended as it was by stipulation for a reasonable time on all issues presented by the pleadings gave applicant the right to make his motion for a rehearing and after a rehearing had been granted, of course, any proper evidence should have been received. Since the Harbaugh letter, as we have seen, was no evidence at all upon the fundamental change in the commission's order, and since substantially all of the evidence in the case is the other way, it follows that the order of September 2, 1932, is wholly unsupported by the evidence.

We have been somewhat puzzled with the matter of substituting the commission as such by the commission as a board of arbitration. If, as counsel for the commission says in his brief, it is strictly an arbitration under the provisions of the Code of Civil Procedure, it is quite evident that there is much lacking to connect the final order of the commission with the arbitration. As arbitrators they could not appoint a referee for the taking of and determining the purport of evidence which they did do. However, both parties and the commission have acted upon the stipulation as being simply a waiver of time limitation on the commission. As such we have treated it herein and therefore hold that the commission was within its jurisdiction in entertaining applicant's last petition for rehearing.

The order of the commission under date of September 2, 1932, is annulled. The commission is instructed to consider the rehearing and to make its findings and award.

Works, P. J., and Archbald, J., *pro tem.*, concurred.